## B. F. CAMERON V. THE STATE OF TEXAS.

### No. 647.

1. **Only Isolated Sections of School Lands Can be Sold.**—The Commissioner of the General Land Office has no authority under the Acts of 1887 and 1889 to sell any of the public school land in any county in this State (except Presidio, El Paso, and Pecos) organized prior to January, 1875, to any person but actual settlers, except such sections and fractions of sections as are expressly named in the twenty-second section of the Act of April 8, 1889. Following Eastin v. Ferguson, 4 Texas Civil Appeals, 643.

2. **Restrictions on the Power of Sale of the Commissioner.**—The power given to the Commissioner of the General Land Office to sell to others than actual settlers is not only restricted to lands situated in counties organized prior to January, 1875, but to those sections or fractions of sections of lands which are detached from other public lands.

3. **Statute Constitutional.**—The statute restricting sale of public lands to actual settlers is not an appropriation of the lands to another purpose than that to which they had been dedicated by the Constitution, and the statute is constitutional. That a portion of the public domain is made a part of the permanent school fund is not an inhibition upon the power of the Legislature to dispose of it. The Constitution contemplates that the Legislature shall make the school land available for school purposes, and it is for the Legislature to determine when, upon what terms, and to whom, this land shall be sold.

4. **State Need Not Return Money Paid by Purchaser.**—The State need not make a tender of the money paid by the purchaser, nor return his obligations for unpaid purchase money, as a prerequisite to its recovery of land illegally sold by the Commissioner of the General Land Office. It is to be presumed that the State will in its own way make restitution.

5. **What Is an Isolated Section.**—When a section is detached from all other public lands at every point of its boundary, it may be sold to other than actual settlers, although it lies in the immediate vicinity of other public lands. Such a section is necessarily isolated, though it may be in close proximity to them.

APPEAL from Liberty. Tried below before Hon. L. B. HIGHTOWER.

*Ford & McComb,* for appellant.—1. Where the State has, through its authorized agent, the Commissioner of the General Land Office, contracted with a citizen of the State to convey to him certain lands under certain conditions, and also certain requirements prescribed by said Commissioner, it is against equity and sound public policy for the State to attack and seek to cancel said contract, except for fraud. 66 Texas, 687; 28 Wash., 653.

2. The construction put upon a land grant act by the Commissioner of the Land Office, under which lands have been put upon the market and sold, will have great weight in determining the meaning of doubtful or ambiguous language in the statute, especially in construing that statute as between the State and a citizen who has purchased in good faith. United States v. Railway, 148 U. S., 562, and authorities cited; Act April 8, 1889, sec. 22; United States v. Tanner, 147 U. S., 661.

3. Where sections of land merely corner together they are not contiguous, but are within the meaning of section 22 of the act approved April 8, 1889, and in fact isolated and detached from each other. The lands described in plaintiff's petition were not contiguous to any unappropriated public lands of the State. Some of these sections in Liberty County join each other, and some merely corner together, and these lands, if contiguous, are contiguous only to public free school lands, and distinguished from the public lands or unappropriated public domain of the State.

4. Section 184 was isolated and detached from all other public free school lands of the State, and from all public lands. Said section did not touch or corner with any other lands of the State, of any description whatever, but stood out alone, joined on all sides and corners by lands, none of which belonged to the State, or to any of its funds.

*C. A. Culberson*, Attorney-General, and *Mann Trice*, Assistant, for the State.—1. It is insisted by the State that the land in question being public free school land, and not being detached and isolated from all character of public land, the Commissioner of the General Land Office exceeded his authority in making sale of it to persons not actual settlers, and consequently his acts in that regard were unofficial, absolutely void, and in no way bound the State. Day v. The State, 68 Texas, 553; Decourt v. Sproul, 66 Texas, 368; Bryan v. Crump, 55 Texas, 1; Sherwood v. Fleming, 25 Texas Supp., 408; Sherman v. Duick, 93 U. S., 209; Moffatt v. United States, 112 U. S., 24.

2. The court correctly held, that the State was not bound to return the money paid on account of the illegal sales of its land by the Commissioner of the General Land Office. This is not now an open question in this State. Bacon and Graves v. The State, 2 Texas Civ. App., 693; The State v. Thompson, 64 Texas, 690; The State v. Snyder, 66 Texas, 687; Randolph v. The State, 73 Texas, 485; The State v. Rhomberg, 69 Texas, 220.

3. The lands sued for were not detached and isolated within the meaning of the law, and as appellants were not actual settlers thereon, and did not pretend to purchase as such, the land was not subject to sale to them, and the pretended sale by the Commissioner of the General Land Office is illegal and void. The Act of April 1, 1887, as amended by that of April 8, 1889, contemplates that the lands authorized to be sold thereunder may be sold to actual settlers only. If there were any doubt of this from the statutes themselves, it is removed by the decisions of the courts. Chancey v. The State, 84 Texas, 529; Atkeson v. Bilger, 4 Texas Civ. App., 99; Metzler v. Johnson, 1 Texas Civ. App., 137; Eastin v. Ferguson, 4 Texas Civ. App., 643.

4. The contention of appellants is, that the term, "other public land," as used in that portion of section 22, does not mean public free

school, university, or asylum lands, but that it refers exclusively to un-appropriated public domain; and inasmuch as the sections sued for in these cases were attached to public free school land and not unappropriated public land, they were detached and isolated within the meaning of this section, and the Commissioner was authorized to sell them to other than actual settlers. At the time of the passage of the acts in question the term "public lands" had a fixed judicial meaning, and we must presume that it was used by the Legislature according to its legal signification. Suth. on Stat. Con., sec. 255; McKee v. McKee, 17 Md., 352; Huddleston v. Askey, 56 Ala., 218; Cotulla v. Laxson, 60 Texas, 444; The State v. Thompson, 64 Texas, 694.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment rendered by the District Court of Liberty County, in the suit of the State against appellant to recover certain lands described in the petition, and claimed by the defendant under purchase from the Commissioner of the General Land Office. The defendant's right to the lands depends upon the power and authority of the Commissioner of the General Land Office to make the sale to the defendant, and that power is given to the Commissioner, it is contended by appellant, under the Act of April 1, 1887, and the amendment thereto of April 8, 1889. The latter part of section 22 of the Act of 1889 provides as follows: "And all sections or fractions of sections, in all counties organized prior to the first day of January, 1875, except El Paso, Pecos, and Presidio Counties, which sections are detached and isolated from other public lands, may be sold to any purchaser except to a corporation, without actual settlement, at no less than $2 per acre, upon such terms as the Commissioner of the General Land Office may prescribe." Section 5 of the Act of 1887, and that of 1889 also, expressly prohibits the sale of school lands to any but actual settlers. These acts were construed by this court in the case of Eastin v. Ferguson, reported in volume 23 of the Southwestern Reporter, and in the later case of Burnett v. Winburn, and we held in those cases that the Commissioner of the General Land Office had no power to sell any portion of the public school lands to any but an actual settler, save and except such sections or fractions of sections as are expressly named in section 22 of the Act of April 8, 1889, and that the attempted exercise of such power by the Commissioner was a nullity, and would convey to the purchaser neither title to the land nor any right therein. The lands in controversy are portions of the public school lands, and are situated in Liberty County, and that county was organized prior to January, 1875; but every section of such lands which was recovered by plaintiff is adjacent and contiguous on some portion of its boundary to other public lands. The defendant made application in due form of law for the purchase of the lands, and they were sold to him by the Commis-

sioner upon the terms and conditions prescribed by the statute for the sale of lands made under its authority; and one-fortieth of the purchase money was paid by the defendant into the State Treasury. The defendant was not a settler upon the lands.

Appellant, under his second assignment of error, submits the following proposition: "All public free school lands situated in counties organized prior to January, 1875, except the counties of Presidio, El .Paso, and Pecos, are, under a proper construction of the latter clause of section 22 of the act as amended April 8, 1889, isolated and detached from other public lands, and are, under said section, subject to sale to others than actual settlers."

To this proposition we can not assent; because to do so would be to suppress and render nugatory one entire sentence of the section. The power given to the Commissioner to sell to others than actual settlers is not only restricted to lands situated in counties organized prior to January, 1875, but to those sections or fractions of sections of lands situated in such counties, which are detached from other public lands. In construing a statute, every part of it should be given effect. Suth. on Stat. Con., secs. 239, 240. If the intention of the Legislature had been to give authority to the Commissioner to sell all school lands situated in the counties designated in section 22 of the act, it would not have added, as a further limitation upon the power it was conferring, the words, "which are detached and isolated from other public lands." We conclude, therefore, the court did not err in holding that the lands for which it rendered judgment were not detached and isolated from other public lands, and were subject to sale to actual settlers only. But the appellant further objects to the judgment of the trial court as erroneous, in this, that if the court's construction of the statute be correct, then the statute, so far as it restricts the sale of the lands set apart by the Constitution for the benefit of public schools to actual settlers, is unconstitutional and void; that such a restriction placed by the Legislature upon the sale of the school lands is an appropriation of the lands to another and different purpose than that to which they have been dedicated by the Constitution. That a portion of the public domain is made by the Constitution a part of the permanent school fund, is not an inhibition upon the power of the Legislature to dispose of such portion of the public domain. Indeed, the article of the Constitution which creates the permanent school fund contemplates legislation, and requires that the Legislature shall by statute make the school lands available for school purposes. The Legislature may in its discretion lease or sell the school lands, and it may restrict the sale to certain classes. It is for the Legislature to determine when these lands shall be sold, and on what terms, and at what prices they may be sold; and whether they may be purchased by capitalists for speculation, or only by actual occupants of the premises. These are all matters for

legislative discretion, and upon the exercise of such discretion the Constitution imposes no restriction.

There is but one other of the objections urged by the appellant to the judgment that we shall notice. It is insisted, that the court erred in not requiring the plaintiff, as a prerequisite to its recovery of the lands sued for, to make a tender to the defendant of the money paid by him into the State Treasury, and to offer to return to him his obligations, executed for the balance of the purchase money. While this is the rule in courts of equity in suits between individuals, it is generally not observed when the plaintiff in the suit is the State. It is to be presumed that the State will, in its own way, make restitution to any of its citizens for any loss or damage which he may have sustained without wrong or fault on his part, through the illegal and unauthorized act of an officer of the State, when by such act the State has received an advantage or benefit. The State v. Snyder, 66 Texas, 687. The defendant not being an actual settler upon the lands sold to him by the Commissioner of the General Land Office, the court did not err in rendering judgment for the State for all of the lands sued for which were found not to be detached and isolated from other public lands. The State, by its Attorney-General, filed cross-assignments of error in this appeal, and here contends the court erred in not rendering judgment for the plaintiff, and in rendering judgment for the defendant, for section 184, surveyed by the Houston & Texas Central Railroad Company for the benefit of public free schools. This section of the land, the evidence shows, is detached from all other public lands at every point of its boundaries, but it is situated in the vicinity of other public lands; and the contention of the State is, that lands which by the statute may be sold to others than to actual settlers must be both detached and isolated from other public lands, and that a tract of land lying in the immediate vicinity of other public lands, although separated on all sides from such lands by intervening tracts, is not isolated in the meaning of the statute. This contention, in our judgment, is erroneous. A tract of land wholly separated from other public lands is necessarily isolated from them, notwithstanding it may be in close proximity to such lands. There is no error in the judgment, and it is affirmed.

Causes numbers 645 and 646 are appeals by the defendants in the court below from judgments rendered by the same court for the State against the defendants; and they involve the same questions which are decided by us in this cause, and were submitted by counsel as companion cases of this; and we therefore affirm the judgment of the lower court in each of said causes numbers 645 and 646.

*Affirmed.*

Delivered April 26, 1894.

Application for writ of error refused, November 9, 1894.